RECEIVED
SEP - 9 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| FRANK DAVID BEAULLIEU | CIVIL ACTION 11-0585 |
| VERSUS | JUDGE DOHERTY |
| INTERNAL REVENUE SERVICE | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Before the Court is the pleading entitled "Protest and Cry for Injunction and Release of Wrongful Lien/Levy (Unwarranted) and Restitution Title US 1964/Abatement" [Doc. 1] filed by *pro se* petitioner Frank David Beaullieu.

As an initial matter, this Court notes this Court is bound to interpret *pro se* pleadings liberally. *See, e.g., Cook v. Texas Dep't of Criminal Justice*, 376 F.3d 166, 168 n.1 (5th Cir. 1994). Thus, the instant *pro se* pleading is entitled to a broad interpretation. This Court deems the pleading filed by Mr. Beaullieu as seeking a temporary restraining order ("TRO") against the Internal Revenue Service, a government agency, for release of a wrongful levy, as well as asserting claims for a warrantless seizure of his property with no probable cause in violation of the 4th Amendment of the United States Constitution, violation of the plaintiff's due process rights, and cruel and unusual punishment in violation of the 8th Amendment.

With respect to the TRO sought by the plaintiff, within that analysis, there are several procedural requirements this Court must examine to determine whether the plaintiff has satisfied the procedural requirements of the TRO statute. However, this Court need not address whether the plaintiff satisfies the procedural requirements of the relief he requests, because this Court notes he

cannot satisfy the substantive requirements. Thus, even if the plaintiff met the threshold procedural requirements to obtain a TRO, this Court would not grant a TRO in this case, for the following reasons.

First, this Court notes the instant lawsuit seeks a TRO against the Internal Revenue Service, an agency of the federal government, for release of a wrongful levy. The Anti–Injunction Act, 26 U.S.C. §7421, provides that, except for certain enumerated circumstances, "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). A federal court's jurisdiction to restrain the collection of taxes is severely limited by Section 7421. *See Lange v, Phinney*, 507 F.2s 1000, 1003 (5th Cir. 1975). The principal purpose of the Act is to protect the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference. *South Carolina v. Regan*, 465 U.S. 367, 376, 104 S.Ct. 1107, 1113, 79 L.Ed.2d 372 (1984); *Bilbo v. United States*, 633 F.2d 1137, 1139 (5th Cir.1981). The Supreme Court has given Section 7421(a) an almost literal reading. *Enochs v. Williams Packing & Navigation Co. Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). So broad is the prohibition against judicial intervention contained in Section 7421(a) that it applies not only to the assessment and collection of the tax itself, but also to activities intended to, or which may culminate in, the assessment or collection of taxes. *Kemlon Products and Development Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981).

There are several statutory exceptions to the Anti–Injunction Act. Actions to enjoin assessment or collection are allowed if petitioners were not afforded the opportunity to petition the Tax Court to challenge their tax deficiency, if petitioner has brought suit to determine petitioner's liability under 26 U.S.C. §6672, if the petitioner is a tax preparer who has brought suit to determine the preparer's liability for a penalty under 26 U.S.C. § 6694, if petitioner has brought a wrongful levy

action under 26 U.S.C. §7426(b), or if petitioner has brought suit under 26 U.S.C. §7429(b) to determine whether a jeopardy levy or assessment was appropriate.

In the instant case, the petitioner contends the IRS's levy against him was improper, and he seeks a TRO to effectuate the release of that levy under two exceptions to the Anti-Injunction Act, namely 26 U.S.C. §7426(a) and 7426(b)(1). However, relief under Section §7426 is clearly not available to the petitioner, as it is well-settled Section 7426 is not available to persons against whom the tax has been assessed.[1] Here, the petitioner is the actual taxpayer and is not entitled to relief under the express language of Section 7426.

Nor does the petitioner show that he falls within the parameters of the judicially created

---

[1] 26 U.S.C. §7426 states:

> §7426. Civil Actions by persons other than taxpayers
>
> (a) Actions permitted.
>
>> (1) Wrongful levy. If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
>
> [ . . . . ]
>
> (b) Adjudication. The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
>
>> (1) Injunction.– f a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

26 U.S.C. §7426 (a) & (b)(1).

exception to the Anti-Injunction Act set forth by the United States Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and in *Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976). *Enochs* establishes two prongs, both of which must be satisfied, before an injunction may issue pursuant to Section 7421. The first prong is that normal equity jurisdiction must obtain, *i.e.*, irreparable injury and inadequacy of legal remedy. 370 U.S. at 6, 82 S.Ct. at 1128. The second independent criterion is that it must be clear that under "no circumstances" could the government ultimately prevail. Only if the government does not have "a chance of ultimately prevailing" and only if under the "most liberal view of the law and the facts" the United States cannot win, may a district court issue an injunction. 370 U.S. at 7, 82 S.Ct. at 1129.

In *Shapiro*, the Supreme Court added a procedural gloss to the second prong of the *Enochs* test, described below:

> In Shapiro, the Commissioner assessed taxes against the taxpayer and filed liens and notices of levy against his assets. Because the taxpayer needed these assets to post bail on pending criminal charges in Israel, he brought suit to lift the notices of levy. The government claimed that the Anti-Injunction Act precluded jurisdiction over the taxpayer's action. The Supreme Court held that because the second prong of *Enochs* i.e., that it is clear the government could under no circumstances prevail must be resolved on the basis of the information available to the government at the time of the suit, there must be a mechanism for the taxpayer to obtain information from the government. Because the government there had produced no factual evidence supporting its assessment, the Supreme Court remanded for further factual development of the record in order that the taxpayer could better argue the second prong of *Enochs*. The Court was concerned in Shapiro that permitting the government to seize and hold property on the basis of a good-faith allegation of an unpaid tax would raise serious constitutional problems. The Court made clear that the burden of persuasion still remained with the taxpayer on the second prong, but held there must be some means by which a taxpayer could obtain information from the government with respect to this issue.[2]

---

[2] In *Shapiro*, the Supreme Court took no position on whether the government has the burden of producing evidence, or whether the taxpayer has the burden of initiating discovery to bring forth the evidence in the government's hands. 424 U.S. at 628, 96 S.Ct. at 1070.

*Shapiro*, 424 U.S. at 629, 96 S.Ct. At 1071, *cited in Kemlon*, 638 F.2d at 1321 (internal citations and footnotes omitted).

After a review of petitioner's filing, without addressing the first prong of the *Enochs* exception, this Court concludes petitioner fails to satisfy the second prong of the *Enochs* exception, as he fails to show there are no circumstances under which the government could prevail. Thus, as the petitioner has failed to allege any facts in his complaint that would give rise to an action falling under one of the statutory exceptions to the Anti-Injunction Act, this Court concludes the request for injunctive relief cannot stand as it is barred by the Act.

Whether or not the petitioner has a right of action or cause of action under any other applicable laws is a matter that is not before this Court at this juncture. Therefore, this Court makes no determination as to whether the petitioner states a claim for a violation of any other law against the United States under any set of facts set forth in his complaint.

Considering the foregoing,

It is ORDERED that the petitioner's request for injunctive relief is DENIED AND DISMISSED WITH PREJUDICE. The remaining portions of the petitioner's case may go forward in the normal course of the proceedings.[3]

THUS DONE AND SIGNED this ____ day of September, 2011 at Lafayette, Louisiana.

UNITED STATES DISTRICT JUDGE
REBECCA F. DOHERTY

---

[3] All interested parties have a right to come to federal court in proper person, however, this Court notes the areas of constitutional and tax matters are complex areas of the law. Having counsel who is trained in these areas to assist a petitioner is almost always a desirable situation.