RECEIVED

JUN 2 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| FRANK DAVID BEAULLIEU | CIVIL ACTION 11-0585 |
| VERSUS | JUDGE DOHERTY |
| INTERNAL REVENUE SERVICE | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING**

Before the Court is the pleading entitled "Motion for Reconsideration – Emergency (Last Try")" [Doc. 14] filed by *pro se* petitioner Frank David Beaullieu. This Court notes the petitioner does not identify what prior ruling of this Court he wishes to have reconsidered nor the standard of law under which this Court should make such a determination.

The Court is bound to interpret *pro se* pleadings liberally, *see, e.g., Cook v. Texas Dep't of Criminal Justice*, 376 F.3d 166, 168 n.1 (5th Cir. 1994), and has done so throughout this proceeding. In the instant motion, the petitioner rehashes what appear to be old arguments made in prior filings to the Court, without identifying a specific ruling for which he seeks reconsideration. To the extent the petitioner seeks reconsideration of this Court's ruling denying the previously-filed "Protest and Cry for Injunction and Release of Wrongful Lien/Levy (Unwarranted) and Restitution Title US 1964/Abatement" [Doc. 1], such request is without merit. In the spirit of liberal interpretation, this Court deemed that pleading as a motion seeking a temporary restraining order ("TRO") against the Internal Revenue Service, a government agency, for release of a wrongful levy, as well as asserting claims for a warrantless seizure of his property with no probable cause in violation of the 4th Amendment of the United States Constitution, violation of the plaintiff's due process rights, and

cruel and unusual punishment in violation of the 8th Amendment. That motion was denied, this Court concluding that the petitioner could not seek a TRO against the Internal Revenue Service, an agency of the federal government, for release of a wrongful levy under the Anti–Injunction Act, 26 U.S.C. §7421, and that no exceptions to the Anti–Injunction Act were shown to be applicable.[1] Therefore, as the petitioner failed to allege any facts in his complaint that would give rise to an action falling under one of the statutory exceptions to the Anti-Injunction Act, this Court concluded the

---

[1] The Court further concluded the petitioner did not fall within the parameters of the judicially-created exception to the Anti-Injunction Act set forth by the United States Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and in *Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976). *Enochs* establishes two prongs, both of which must be satisfied, before an injunction may issue pursuant to Section 7421. The first prong is that normal equity jurisdiction must obtain, *i.e.*, irreparable injury and inadequacy of legal remedy. 370 U.S. at 6, 82 S.Ct. at 1128. The second independent criterion is that it must be clear that under "no circumstances" could the government ultimately prevail. Only if the government does not have "a chance of ultimately prevailing" and only if under the "most liberal view of the law and the facts" the United States cannot win, may a district court issue an injunction. 370 U.S. at 7, 82 S.Ct. at 1129.

In *Shapiro*, the Supreme Court added a procedural gloss to the second prong of the *Enochs* test, described below:

> In Shapiro, the Commissioner assessed taxes against the taxpayer and filed liens and notices of levy against his assets. Because the taxpayer needed these assets to post bail on pending criminal charges in Israel, he brought suit to lift the notices of levy. The government claimed that the Anti-Injunction Act precluded jurisdiction over the taxpayer's action. The Supreme Court held that because the second prong of *Enochs* i.e., that it is clear the government could under no circumstances prevail must be resolved on the basis of the information available to the government at the time of the suit, there must be a mechanism for the taxpayer to obtain information from the government. Because the government there had produced no factual evidence supporting its assessment, the Supreme Court remanded for further factual development of the record in order that the taxpayer could better argue the second prong of *Enochs*. The Court was concerned in Shapiro that permitting the government to seize and hold property on the basis of a good-faith allegation of an unpaid tax would raise serious constitutional problems. The Court made clear that the burden of persuasion still remained with the taxpayer on the second prong, but held there must be some means by which a taxpayer could obtain information from the government with respect to this issue.

*Shapiro*, 424 U.S. at 629, 96 S.Ct. At 1071, *cited in Kemlon*, 638 F.2d at 1321 (internal citations and footnotes omitted).

After a review of petitioner's filing, without addressing the first prong of the *Enochs* exception, this Court concluded petitioner failed to satisfy the second prong of the *Enochs* exception, as he failed to show there are no circumstances under which the government could prevail.

request for injunctive relief was barred by the Act, and petitioner presents no evidence in the pending motion that warrants reconsideration of that ruling.

The instant case was dismissed by the Clerk of Court on November 21, 2011 for failure to effect service within 120 days [Doc. 9]. On November 24, 2011, the petitioner filed a "Motion to Reopen/Reinstate the Case," [Doc. 10] which this Court denied for many of the same reasons cited herein with respect to petitioner's request for a TRO.

The Fifth Circuit has held a motion which challenges a prior judgment on its merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b), depending on when the motion was filed. If the motion was filed within twenty-eight days of the entry of judgment, it will be considered under Rule 59(e); if filed after that time period, it will be treated as a motion under Rule 60(b). *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991), *citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (overruled on other grounds). In the instant case, the petitioner filed his motion for reconsideration more than three months after the denial of his motion to reopen the case, therefore the motion is properly considered under Rule 60(b).

FED. R. CIV. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding") provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

3

misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The jurisprudence is well-settled that relief under Rule 60(b)(6) is appropriate only in an "extraordinary situation" or when "extraordinary circumstances are present." *U.S. ex rel. Garibaldi v.. Orleans Parish Sch. Bd.*, *supra* at 337 (5th Cir. 2005).

In the instant case, the petitioner does not satisfy any of the factors set forth in Rule 60(b)(1)-(5), nor has he provided this Court with a sufficient basis to establish that this case provides an "extraordinary situation" or that "extraordinary circumstances are present" under Rule 60(b)(6). Consequently, this Court concludes the petitioner is not entitled to the relief requested in the instant motion.

Considering the foregoing, IT IS ORDERED that the Motion for Reconsideration [Doc. 14] filed by petitioner Frank Beaullieu must be DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22nd day of June, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE